# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

MALIK DEWAYNE HARDIN,     )
                     )
       Petitioner,      )
                     )
v.                  )     No.:   2:21-CV-16-TAV-CRW
                     )
BERT C. BOYD,         )
                     )
       Respondent.    )

## <u>MEMORANDUM OPINION</u>

State inmate Malik Dewayne Hardin ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his confinement under his 2015 Knox County judgments of conviction for drug, firearm, and trespass offenses. Respondent has moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1) [Doc. 19]. Petitioner has filed a response opposing the motion [Doc. 23], and Respondent has filed a reply to Petitioner's response [Doc. 24]. For the reasons set forth below, Respondent's motion will be granted, and the petition will be dismissed.

## I.    FACTUAL AND PROCEDURAL HISTORY

A Knox County Grand Jury indicted Petitioner with various drug, trespass, and firearms charges [Doc. 10-1 p. 12-17]. In March 2014, Petitioner pled guilty to possession with intent to sell less than 0.5 grams of cocaine in a drug-free school zone, possession of a firearm during the commission of a dangerous felony, simple possession of a controlled substance, and criminal trespass [*See* Doc. 10-4 p. 54-62]. As part of his plea agreement,

Petitioner received a total effective sentence of 15 years [*Id*. at 80-90]. Petitioner appealed [*Id*. at 91].

On May 14, 2014, while Petitioner's direct appeal was pending, Petitioner, acting pro se, filed a "Motion to Correct an Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1 [Doc. 10-4 p. 96-99]. Petitioner's direct appeal counsel filed a "Notice of Adoption of Pro Se Pleadings" on May 19, 2014 [*Id*. at 101].

The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions. *State v. Hardin*, No. E2014-00873-CCA-R3-CD, 2015 WL 3794588, at *10 (Tenn. Crim. App. June 12, 2015), *perm. app. denied* (Tenn. Oct. 15, 2015). The Tennessee Supreme Court denied Petitioner's application for permission to appeal on October 15, 2015 [Doc. 10-17].

On September 19, 2016, Petitioner filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 [Doc. 10-29 p. 4-8]. The trial court denied the motion on January 9, 2019 [*Id*. at 15]. Petitioner attempted to appeal this decision, but his appeal was dismissed on August 28, 2019, for Petitioner's failure to comply with the TCCA's order directing him to file a brief [Doc. 10-30].

Also on September 19, 2016, Petitioner filed a pro se petition for post-conviction relief that was later amended by appointed counsel [Doc. 10-18 p. 5-17, 35]. The post-conviction court denied relief, and Petitioner appealed to the TCCA [Doc. 10-18 p. 86-87]. On appeal, the TCCA affirmed the decision of the post-conviction court. *Hardin v. State*, No. E2018-00676-CCA-R3-PC, 2019 WL 5491723, at *6-8 (Tenn. Crim. App.

Oct. 25, 2019), *perm. app. denied* (Tenn. Feb. 20, 2020). The Tennessee Supreme Court denied Petitioner's application for permission to appeal on February 20, 2020 [Doc. 10-28].

On or about January 25, 2021, Petitioner filed the instant petition [Doc. 2]. The Court ordered Respondent to file a response to the petition [Doc. 6]. Before the deadline to respond had expired, Petitioner retained counsel and filed a motion for an extension of time to amend his memorandum in support of his petition [Docs. 8, 9]. This Court granted Petitioner's motion, and Petitioner filed his amended memorandum on April 23, 2021 [Docs. 15-18]. Respondent submitted the State-court record [Doc. 10] and later filed a motion to dismiss the petition as untimely [Doc. 19]. Petitioner filed a response opposing the motion to dismiss on July 15, 2021 [Doc. 23]. Respondent filed a reply to the response on July 21, 2021 [Doc. 24].

## II.    LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Whether Respondent's motion should be granted turns on application of the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## III. DISCUSSION

The Tennessee Supreme Court entered its order denying Petitioner's direct-appeal application on October 15, 2015 [Doc. 10-17]. Petitioner's conviction became "final" on January 13, 2016, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes final at "expiration of the time for seeking such review"); Sup. Ct. R. 13.1 (allowing petitioner 90 days from "entry of the judgment or order sought to be reviewed" to file a timely petition for certiorari). Therefore, the statute of limitations began running the following day,

4

January 14, 2016, unless the period was statutorily tolled by the pro se "Motion to Correct An Illegal Sentence" under Tennessee Rule of Criminal Procedure 36.1 that Petitioner filed in 2014 during the pendency of his direct appeal.  *See* 28 U.S.C. § 2244(d)(1); § 2244(d)(2).

Petitioner argues that this pro se motion was not ruled upon until January 2019, by which time other post-conviction actions were on collateral appeal, and thus, this motion tolled the statute of limitations until the Tennessee Supreme Court's decision on February 20, 2020.  *See* 28 U.S.C. § 2244(d)(2).

Respondent maintains that the 2014 motion was a nullity because it was filed at a time Petitioner was represented by counsel [Doc. 20 p. 4].  Respondent further notes that the record from Petitioner's attempt to pursue an appeal from his Rule 36.1 claims does not include the 2014 motion, but rather, was based on the motion to correct illegal sentence that Petitioner later filed pro se in 2016 [Doc. 10-29 p. 4-6].  Therefore, Respondent argues, there was no "collateral attack" pending between the finality of Petitioner's conviction and the filing of his post-conviction petition and motion to correct an illegal sentence on September 19, 2016 [Doc. 20 p. 6].

Whether a collateral attack within the understanding of § 2244(d)(2) is "properly filed" is an issue of State law.  *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (holding that an "application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").  Unless a trial court exercises its discretion to allow hybrid representation, Tennessee generally prohibits pro se motions filed by defendants represented by counsel.  *See, e.g., Hill v. Carlton*, 399 F. App'x 38, 43-45

5

(6th Cir. Aug. 10, 2010) (applying rule in procedural default context and collecting cases); *State v. Muse*, 637 S.W.2d 468, 470 (Tenn. Crim. App. 1982) (holding defendant could not file pro se motions while represented by counsel); *State v. Thigpen*, No. M2018-00118-CCA-R3-CD, 2020 WL 755178, at *6 (Tenn. Crim. App. Feb. 14, 2020) (holding pro se filings by defendant represented by counsel not properly before trial court).

Here, Petitioner filed the 2014 motion pro se before his direct appeal was concluded at a time he was represented by counsel. Although Petitioner's direct appeal counsel filed a notice of adoption of the pro se pleadings, the record contains no order from the trial court either recognizing or authorizing the pleadings or their attempted adoption. Further, the record does in fact confirm that Petitioner's attempt to pursue an appeal from his Rule 36.1 claims was based on the 2016 motion to correct an illegal sentence [Doc. 10-29 p. 4-6]. The 2014 motion was not included in that appeal [Doc. 10-29]. The Court agrees with Respondent that the most rational explanation for its absence from the appellate record is that it never initiated a collateral attack, and that Petitioner knew that at the time of his Rule 36.1 appeal [Doc. 24 p. 8]. *See Wallace v. Sexton*, 570 F. App'x 443, 452 (6th Cir. June 20, 2014) (citing *Hill* and inferring that, since State court did not mention pro se brief filed by petitioner while he was represented by counsel, the court "applied the Tennessee procedural rule barring consideration of pro se filings made by represented petitioners"). This position is supported by the statements of Petitioner and his post-conviction counsel in 2016 and 2017, both of whom stated in their respective filings that Petitioner did not

6

have any outstanding motions pending as to the judgments under attack at the time the proceedings were initiated [*See* Doc. 10-18 p. 7, 32-35, 70]. Therefore, the Court finds that Petitioner's 2014 pro se motion does not serve to toll the federal limitations period.

Accordingly, the statute of limitations in this action began running on January 14, 2016, the day after the time to seek certiorari review expired. *See* 28 U.S.C. § 2244(d)(1). The statute stopped 249 days later on September 19, 2016, when Petitioner filed his pro se petition for post-conviction relief and Rule 36.1 motion to correct his sentence. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations was tolled during the pendency of these proceedings, all of which concluded by February 20, 2020, when the Tennessee Supreme Court denied Petitioner permission to seek a post-conviction appeal [Doc. 10-28]. The statute of limitations resumed running the following day on February 21, 2020. *See Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. May 20, 2011) ("The clock began to run again . . . after the Tennessee Supreme Court declined jurisdiction over Petitioner's post-conviction appeal."). The statute of limitations expired 116 days later on June 15, 2020 [249 days + 116 days = 365 days]. Petitioner filed the instant petition on January 25, 2021, when he delivered it to prison authorities for mailing [Doc. 2 p. 15]. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, the instant petition was filed some 224 days beyond the expiration of the statute of limitations.

In his response to Respondent's motion to dismiss, Petitioner also argues that a "Motion to Correct Clerical Error," filed in December 2017 pursuant to Tennessee Rule of Criminal Procedure 36, is a "properly filed" collateral motion that remains unresolved

7

[Doc. 23 p. 7]. However, a motion to correct a clerical error does not constitute a collateral attack on a judgment, *see, e.g., Kelley v. Hall*, No. 3:19-cv-01041, 2021 WL 927641, at \*3 (M.D. Tenn. Mar. 11, 2021), and Petitioner has already litigated substantive challenges to his judgment under Rule 36.1. Accordingly, there is no collateral attack on the judgment at issue pending that would continue to toll the federal limitations period.

As such, the Court can consider the merits of the petition only if Petitioner establishes an entitlement to equitable tolling of the limitations period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies). To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Petitioner has not argued that he is entitled to equitable tolling, and the Court finds application of the doctrine unwarranted.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

8

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## V.    CONCLUSION

For the reasons set forth herein, Respondent's motion [Doc. 19] will be **GRANTED**, and the federal habeas petition will be **DISMISSED** with prejudice.  A certificate of appealability will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE